IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARLTON S.,[1]

    Plaintiff,

v.                                                                  Civil Action. No. 2:24-cv-324

FRANK BISIGNANO,
Commissioner of Social Security,

    Defendant.

## **MEMORANDUM OPINION**

This is an action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying the application of Carlton S. ("Plaintiff") for disability insurance under the Social Security Act. On July 7, 2025, Magistrate Judge Douglas E. Miller issued a Report and Recommendation ("R&R") on Plaintiff's Motion for Summary Judgment recommending that the Court deny Plaintiff's motion and affirm the decision of the Commissioner. R&R, Dkt. No. 13.

Plaintiff's objections to the R&R relate to the Administrative Law Judge's ("ALJ") consideration of Plaintiff's subjective allegations concerning his lifting limitations. Plaintiff argues that the ALJ mischaracterized Plaintiff's testimony relating to his lifting limitations, and as a result, improperly determined Plaintiff's residual functional capacity ("RFC"). Pl.'s Obj. at 1–4, Dkt. No. 14. For the reasons below, the Court will adopt the R&R and overrule Plaintiff's objections.

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## I. BACKGROUND

Plaintiff filed two claims for disability benefits. The Commissioner denied Plaintiff's first claim initially and on reconsideration. R. 101, 116, 118–22. Following an administrative hearing, an ALJ determined Plaintiff was not disabled, and Plaintiff appealed the decision to the Appeals Council. R. 15–33, 35, 135. The Appeals Council denied review, and Plaintiff filed suit in this Court. The Commissioner agreed to a voluntary remand, and the case returned to the Appeals Council, which then remanded the case to the ALJ for further consideration. R. 715–31, 755–56.

While Plaintiff's first application was pending, Plaintiff filed a second claim for benefits. R. 732. The Commissioner denied Plaintiff's second claim initially and on reconsideration. R. 752. The Appeals Council consolidated Plaintiff's two claims. R. 756. A new ALJ held a second hearing and determined Plaintiff was not disabled, did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that Plaintiff's RFC for a limited range of light work allowed him to perform work available in the national economy. R. 617–44. The Appeals Council denied Plaintiff's request for review. R. 608–13. The ALJ's decision is the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(h), 1383(c)(3); 20 C.F.R. § 404.981.

Plaintiff timely filed his complaint in this Court appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. The Court referred the matter to the Magistrate Judge for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 4. Plaintiff filed a motion for summary judgment. Dkt. No. 8. The Commissioner opposed Plaintiff's motion for summary judgment, and Plaintiff replied. Dkt. Nos. 11, 12. Upon review, the Magistrate Judge recommended that the Court deny Plaintiff's motion for summary judgment and affirm the decision of the Commissioner. R&R

at 1, 24. Plaintiff timely objected to the R&R, to which the Commissioner responded. Pl.'s Obj., Dkt. No. 14; Def.'s Resp., Dkt. No. 17.

## II.    STANDARD OF REVIEW

The Court reviews *de novo* any part of the Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition. 28 U.S.C.§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court will uphold an ALJ's Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citing 42 U.S.C. § 405(g) and *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015)). "Substantial evidence is that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Pearson*, 810 F.3d at 207 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Substantial evidence thus requires "more than a mere scintilla of evidence but may be less than a preponderance" of the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)). Between these two evidentiary thresholds lies a "zone of choice" wherein the ALJ's decision can go either way without interference by the courts. *See Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (quoting *Clarke v. Bowen*, 843 F.2d 271-73 (8th Cir. 1988)). "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas*, 983 F.3d at 95 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### III. ANALYSIS

Plaintiff's objections focus on the ALJ's account of Plaintiff's description of his ability to lift. Pl.'s Obj. at 1. Plaintiff testified "[I] [d]on't think I could lift 10 pounds on a regular basis." R. 670. However, in his opinion, the ALJ stated that Plaintiff testified he "*could* lift 10 pounds on a regular basis." R. 626 (emphasis added). The Magistrate Judge concluded that "the ALJ erred in his recitation of Plaintiff's testimony." R&R at 15. Despite this error,[2] the Magistrate Judge concluded the error was harmless. Plaintiff's objections challenge this conclusion, contending that "the ALJ's inaccurate recollection of Plaintiff's stated lifting limitations was harmful to Plaintiff's disability claim, as this led the ALJ to forego a determination of whether this report was credible since the ALJ's account of the testimony would have been consistent with light work, whereas the true account was more consistent with sedentary work." Pl.'s Obj. at 1–2. Plaintiff further argues "by failing to consider Plaintiff's report that he *could not* lift 10 pounds on a regular basis, the [ALJ's] decision lacks this factor in the analysis of Plaintiff's subjective complaints of pain." *Id.* at 3 (emphasis in original) (citations omitted). Plaintiff also argues that "[c]ontrary to the Magistrate Judge's assertion, the medical record also did not contradict Plaintiff's reported lifting limitations." *Id.* at 2.

For the reasons explained below, the Court has conducted a *de novo* review of Plaintiff's objections and overrules them. To the extent that Plaintiff lodges objections the Court has not

---

[2] Plaintiff argues the ALJ "mischaracterized" or had an "inaccurate recollection" of Plaintiff's testimony concerning his lifting limitations. Pl.'s Obj. at 1–3. The Commissioner characterizes the ALJ's error as a "misstatement". Def.'s Resp. at 3–5. The Magistrate Judge describes the error as an "inaccurate restatement" or "incorrect recitation" of Plaintiff's testimony. R&R at 15, 17. Having considered the context of the entirety of the ALJ's opinion, the Court agrees with the Magistrate Judge. Regardless of how the parties characterize the ALJ's error, the conclusion of the Court remains the same—the ALJ's error was not material to the findings made by the ALJ and was therefore harmless. *See infra* III.A.

ascertained, the Court has reviewed the remainder of the R&R for clear error and finds none. *See Lee v. Saul*, No. 2:18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

### A. The ALJ's misstatement of Plaintiff's Testimony was Harmless Error

As explained by the Magistrate Judge in the R&R, when an ALJ errs in his recitation of a claimant's testimony, "the Court must determine whether to apply the harmless error doctrine." *Ross v. Berryhill*. No. 3:18-cv-42, 2019 WL 289101, at *12 (E.D. Va. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 281191 (E.D. Va. Jan. 22, 2019). "The burden of establishing a harmful error rests on 'the party attacking the agency's determination.'" *Id.* (quoting *Shineski v. Sanders*, 556 U.S. 396, 409 (2009)). In determining whether the error is harmless, courts must consider "an estimation of the likelihood that the result would have been different. . . ." *Shineski*. 556 U.S. at 411.

To constitute harmful error, Plaintiff must show that the ALJ's misstatement was material to his finding concerning Plaintiff's RFC determination. *See, e.g.*, *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021); *cf. Ross*, 2019 WL 289101, at *13 (finding harmless error when ALJ failed to account for Plaintiff's capacity to lift only ten pounds because the ALJ posed a hypothetical limited to sedentary work, which requires lifting a maximum of ten pounds). Here, Plaintiff has failed to demonstrate that the ALJ's misstatement was material to his findings. Critically, as the Magistrate Judge points out, "the error that Plaintiff relies on was not in a <u>finding</u> made by the ALJ at any of the five sequential steps in the disability analysis. Instead, it involved an incorrect recitation of one part of Plaintiff's testimony. . . ." R&R at 17 (emphasis in original). Moreover, as the Magistrate Judge observed, a review of the entirety of the ALJ's opinion makes clear that the ALJ understood the Plaintiff's subjective view to be that he had issues with lifting. R&R at 18 (citing numerous instances in the ALJ's opinion). The Plaintiff has not shown that—in

light of the ALJ's consideration of this evidence—the error would have materially affected the ALJ's decision. Against this standard, the ALJ's misstatement was harmless error.

### B. Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ's misstatement of Plaintiff's testimony led to an "improper assumption that the Plaintiff's testimony was consistent with a light RFC." Pl.'s Obj. at 2. The United States Court of Appeals for the Fourth Circuit considered the proper evaluation of a disability claimant's subjective complaints in *Arakas*, 983 F.3d 83 (4th Cir. 2020). When making a credibility determination, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion' that [the claimant's] testimony was not credible." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (explaining the "assessment must include a narrative discussion describing how the evidence supports each conclusion" (quoting Social Security Ruling 96–8p)). Additionally, the ALJ must consider "all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

The Court finds the Magistrate Judge correctly concluded that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints. Here, contrary to Plaintiff's assertion, the ALJ did not disregard Plaintiff's statements, but rather, cited several instances of <u>Plaintiff's testimony</u> confirming his subjective view that he had issues with lifting." R&R at 18 (emphasis in original). Nevertheless, the ALJ did not fully accept Plaintiff's testimony, and ultimately found that while "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] . . . [his] statements concerning the intensity,

persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" R. at 626. For example, the ALJ considered, in addition to other examples of Plaintiff's subjective testimony conflicting with medical record evidence, that

> [S]everal factors suggest [Plaintiff's] impairments were not work preclusive. After [Plaintiff's] left shoulder surgery in August 2019, he did well with physical therapy, and by December 2019, he had functional active range of motion of the left shoulder and significantly improved strength and stability. He still reported problems lifting overhead, and his pain fluctuated; however, his pain stayed low overall. By late January 2020, he was doing really well and felt almost 100%. He felt a stretch with end of range motion but that was getting better and better. He was back to almost everything. One exam, moreover, he had normal strength, forward flexion to 180 degrees, external rotation to 80 degrees, internal rotation to L2, and no tenderness to palpation. He was told he could follow-up as needed, and there is no further evidence of significant treatment for shoulder issues after that time. In fact, in March 2021, he reported he was really happy with his shoulder, and in his May 2021 function report, [Plaintiff] reported he could take care of his personal care without problem, do laundry, do minor household repairs, and drive.

R. at 627 (internal citations omitted).

The Magistrate Judge concluded that "the ALJ clearly enumerated all evidence" and "thoroughly detailed the medical record in support of his RFC findings and highlighted numerous pieces of evidence contradicting Plaintiff's subjective complaints of pain." R&R at 21. The Court agrees. Reviewing the record as a whole, including the ALJ's summary of Plaintiff's testimony, there are multiple examples of Plaintiff testifying that he believed he had significant lifting limitations. As the Magistrate Judge points out, the ALJ "explained—over nine single-spaced pages—his reasons for only partially crediting Plaintiff's allegations, including his perceived lifting limitations." R&R at 19 (citing R. 626–35). Considering the record as a whole, including these inconsistencies, the ALJ concluded:

> Overall, claimant's lack of surgical pathology on MRI, his ongoing conservative treatment for pain, his limited abnormalities on physical exam and normal gait, as well as his activities, suggest that he could lift/carry up to 20 pounds occasionally,

> stand/walk four hours, perform limited postural movements, and work on a sustained basis with a sit/stand option.

R. 629.

In reviewing for substantial evidence, the Court will not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653. Having reviewed the record in its entirety, the Court finds that the ALJ built an accurate and logical bridge from the evidence to his conclusion to only partially credit Plaintiff's subjective complaints. In doing so, the ALJ highlighted multiple examples of medical record evidence contradicting Plaintiff's subjective complaints of pain. *See* R. 626–35. The Court finds there is substantial evidence in the record to support the ALJ's conclusion to partially credit Plaintiff's subjective complaints. Therefore, the Court defers to the ALJ's findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Lewis*, 858 F.3d at 865.

Plaintiff also objects to the Magistrate Judge's conclusion that the medical record contradicted Plaintiff's reported lifting limitation. Obj. at 2. As described above, and having reviewed the record, the Court agrees with the Magistrate Judge that there was evidence in the record that contradicted Plaintiff's subjective complaints of pain.

## V.     CONCLUSION

The Court will overrule Plaintiff's objections to the R&R and deny Plaintiff's Motion for Summary Judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R and affirm the Commissioner's final decision.

An appropriate order shall issue.

It is SO ORDERED.

/s/
_____
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 8, 2025